ALBERT A. SAMMIS *et al.* vs. FREDERICK E. SAMMIS *et als.*

| 14 | 123 |
| 19 | 57 |
| 14 | 123 |
| 23 | 500 |

Devise as follows:

" *Second.* I give and bequeath unto my beloved wife M. G. the lot of land with buildings and improvements thereon, situated on Lockwood Street, in the city of Providence, for and during her natural life, and the expenses of keeping the same in repair, together

with the taxes on the same, shall be paid out of my estate by my executors hereinafter named, and at her decease it is my wish that the same may be given to my two sons, F. E. and A. A., subject to the same conditions as the property mentioned in clause fourth of this my last will and testament."

"*Fourth.* I give and devise unto my beloved wife M. G. the income arising from one undivided quarter part of all my estate, real, personal, and mixed, and to my three sons, G. E., A. A., and F. E., the income arising from the remaining three quarter parts of all my estate, real, personal, and mixed, until my youngest son then living shall have attained the age of forty years. At the expiration of said time it is my will that all my property, real, personal, and mixed, shall then be divided into four equal quarter parts, and that my said sons, G. E., A. A., and F. E. shall each respectively receive one equal quarter part of said property to them, their heirs, and assigns forever. I give and devise the remaining quarter part of all my property at the expiration of said time to my beloved wife M. G., for and during her natural life, and at her decease it is my wish that said quarter part of the the income (if she should decease before the youngest living son shall have attained the age of forty years) shall be equally divided between my two sons, A. A. and F. E., subject to the same conditions as the income or property herein devised and bequeathed, and to the further condition on the part of my said son G. E. that he shall sell or otherwise dispose of the trotting or sporting horse now owned by him, and shall not buy or replace said horse by another for the purpose of trotting or sporting, and shall attend strictly to his business. And in case he shall not observe and obey these my wishes, he shall not have or draw the said income or have any part thereof, but said income shall be divided equally among my other heirs until the youngest son shall have attained the age of forty years, but this is not to interfere or encroach in any way upon son's (G. E.) quarter part of the property."

*Held,* that under the second clause A. A. and F. E. took vested remainders in the Lockwood Street property.

*Held,* further, that under the fourth clause G. E., A. A., and F. E. took each a fee simple estate in an undivided quarter part of the realty devised.

*Held,* further, that the death of all the sons before any one of them reaches the age of forty would not defeat the remainders, but would merely accelerate their falling into possession.

*Query,* whether the executors took any implied trust in the realty.

Where an absolute property is given and a particular interest given in the mean time, as until the devisee shall come of age, the attainment of majority is not a condition precedent, but denotes the time when the remainder falls into possession.

The devise of the rents and profits or of the income of land is in legal effect a devise of the land.

BILL IN EQUITY for an injunction. On demurrer to the bill. The devise and facts involved in the case are stated in the opinion of the court.

*Irving Champlin & Charles F. Baldwin,* in support of the demurrer.

*Lemuel H. Foster, contra.*

When a will directs acts to be done which necessarily require the intervention of trustees, the executors are trustees by necessary implication. *King* v. *Dennison,* 1 Ves. & B. 260, 273 ; *Porter* v. *Bank of Rutland,* 19 Vt. 410 ; *Nash* v. *Cutler,* 19 Pick. 67–71 ;

*Saunderson* v. *Stearns*, 6 Mass. 37–39 ; *Dorr* v. *Wainwright*, 13 Pick. 328.

If then the executors are trustees, they have in them the fee of all the real estate of said testator, defeasible upon the happening of the contingency upon which they are directed by the will to make a division when the youngest son shall have attained the age of forty years. *Pearce* v. *Savage*, 45 Me. 90.

They hold the estate and collect the income, applying it according to the directions contained in the will.

The three sons have at present no vested interest nor remainder in the estate.

The limitation in the will is a limitation as to the person and not as to time. The testator did not intend the estate to vest or be divided at a time when the youngest son would, had he lived, have attained the age of forty years, for it provides that the estate shall then be divided into four equal quarter parts, and each of these sons, naming them, shall then receive a quarter part. He must therefore have contemplated that the youngest son should be alive when the division was made, and more especially as he makes no disposition of the youngest son's part in case of his death before the time for distribution.

" An interest which is contingent on account of the person is one which is contingent by reason of being limited to a person who is unborn, or not ascertained, or limited to a person when he shall attain a particular character, arrive at a given age, or fulfil a certain condition." 2 Fearne on Remainders, 29, § 94.

Where real estate or personal property is devised and bequeathed to such of the children as shall attain a given age, or to a class of children at a particular time, or when one of the class shall attain a given age, the interest so devised or bequeathed is necessarily contingent on account of the person. For until the age is attained the person is unascertained ; there is no person answering the description of the person who is to take as devisee or legatee. 2 Fearne on Remainders, 136, § 281.

When there is no gift nor legacy except by a direction to transfer an estate from and after a given event, the vesting must be postponed until after that event has happened, unless from particular circumstances a contrary intention is to be collected. *Leake*

v. *Robinson*, 2 Mer. 363; 2 Redfield on Wills, 226 and notes; *Anderson* v. *Felton*, 1 Ired. Eq. 55.

Therefore, in this case, the three sons take no vested interest until the youngest son, he then living, arrives at the age of forty years. *Drake* v. *Pell*, 3 Edw. Ch. 251; *Giles* v. *Franks*, 2 Dev. Eq. 521; *Lemacks* v. *Glover*, 1 Rich. Eq. 141; 2 Fearne on Remainders, 136, §§ 281, 285, 286, 289, 291, and 147, §§ 301–8.

It is claimed by the respondents that even if the legatees or devisees have no vested nor attachable interest in the other part of the estate, the two sons, Albert A. and Frederick E. Sammis, have vested remainders in the Lockwood Street estate, because this estate was devised to the widow for life, remainder to the two sons named. But an examination of the will shows this not to be so. This devise is to the widow for life, but if she dies before the youngest son attains the age of forty years, this estate falls in with the other property in the hands of the trustees, and is not to be divided until the contingency happens when the entire estate is to be divided. Should she, on the other hand, be living when the contingency happens, her life estate will be defeated and she will take a quarter part of all the property for life.

Therefore the devisees have no present vested estate or attachable interest in any part of the estate of said testator, a contingent remainder not being an interest in real estate subject to attachment.

*February* 24, 1883. DURFEE, C. J. The purpose of this suit is to get the defendants enjoined from selling on execution the right, title, and interest of Albert A. Sammis and Frederick E. Sammis in and to certain lands, in which the defendants contend they have an attachable interest under the will of their late father, Edson A. Sammis, by force of the second and fourth clauses thereof. The second and fourth clauses are in the words following, to wit:

" *Second.* I give and bequeath unto my beloved wife Martha G. Sammis the lot of land with buildings and improvements thereon, situated on Lockwood Street, in the city of Providence, for and during her natural life, and the expenses of keeping the same in repair, together with the taxes on the same, shall be paid out of my estate by my executors hereinafter named, and at her

decease it is my wish that the same may be given to my two sons, Frederick E. Sammis and Albert A. Sammis, subject to the same conditions as the property mentioned in clause fourth of this my last will and testament."

"*Fourth.* I give and devise unto my beloved wife Martha G. Sammis the income arising from one undivided quarter part of all my estate, real, personal, and mixed, and to my three sons, George E. Sammis, Albert A. Sammis, and Frederick E. Sammis, the income arising from the remaining three quarter parts of all my estate, real, personal, and mixed, until my youngest son then living shall have attained the age of forty years. At the expiration of said time it is my will that all my property, real, personal, and mixed, shall then be divided into four equal quarter parts, and that my said sons, George E. Sammis, Albert A. Sammis, and Frederick E. Sammis shall each respectively receive one equal quarter part of said property to them, their heirs, and assigns forever. I give and devise the remaining quarter part of all my property at the expiration of said time to my beloved wife Martha G. Sammis, for and during her natural life, and at her decease it is my wish that said quarter part of the income (if she should decease before the youngest living son shall have attained the age of forty years) shall be equally divided between my two sons, Albert A. Sammis and Frederick E. Sammis, subject to the same conditions as the income or property herein devised and bequeathed, and to the further condition on the part of my said son George E. Sammis that he shall sell or otherwise dispose of the trotting or sporting horse now owned by him, and shall not buy or replace said horse by another for the purpose of trotting or sporting, and shall attend strictly to his business. And in case he shall not observe and obey these my wishes, he shall not have or draw the said income or have any part thereof, but said income shall be divided equally among my other heirs until the youngest son shall have attained the age of forty years, but this is not to interfere or encroach in any way upon son's (George E. Sammis's) quarter part of the property." The will appoints the complainants executors.

The bill alleges that the youngest son is twenty eight years old, having been born July 19, 1854. The bill also alleges that the

complainants immediately on the probate of the will, entered into possession of the estate, paid the debts, and have ever since applied the income according to the directions in the will. The case is before us on general demurrer to the bill.

The suit is brought by the complainants as trustees under the will of both the real and the personal estate. The complainants as executors are doubtless trustees constructively of the personal estate in their hands so long as they retain it. But they did not as executors succeed to the real estate unless it was devised to them as such, either expressly or by implication. It was not expressly devised to them. If they have it, therefore, they have it by implication, because it is necessary for them to have it to discharge the duties imposed on them. We do not find that any duty in regard to the real estate is expressly imposed on them by the will, except the duty of paying for repairs and taxes on the Lockwood Street estate during the life of the widow. These payments, however, must be made out of the personal estate unless it is deficient, which is not alleged. The ground on which the complainants predicate the existence of a trust of the real estate is, that under the second and fourth clauses of the will only income is devised to the sons, until the youngest son who lives to reach the age of forty years shall have reached it. The complainants infer that until then it is the duty of the executors to collect and pay over the income of both the real and the personal estate. The inference is not necessary. It is well settled that a devise of the rents and profits, or of the income of the land, is in legal effect a devise of the land itself. *Mannox* v. *Greener*, L. R. 14 Eq. 456; *Parker* v. *Plummer*, Cro. Eliz. 190; *South* v. *Alleine*, 1 Salk. 228; *Doe dem. Goldin* v. *Lakeman*, 2 B. & Ad. 30, 42; *Johnson* v. *Arnold*, 1 Ves. 169, 171; *Plenty* v. *West*, 6 C. B. 201. On the authority of these cases, unless a trust be implied, the estates out of which the income is to accrue go directly to the sons. They will enjoy them undivided if they conform to the will, until the arrival of the time for division, and will then divide and enjoy them in severalty. The question then is what kind of estates do they have; are they vested or contingent, attachable or non-attachable? Let us consider the devise of the three quarters to the sons contained in the fourth clause. It will be observed that the

three quarters are given to the three sons in two parts, the one part being a mere chattel interest or term of years, and the other part the entire residue, so that the whole estate is exhausted. Is there anything to prevent a merger of the two parts? We see nothing unless it be that the particular estate is to be enjoyed in common and the remainder in severalty. The direction is, that at the expiration of the particular estate the property shall be divided into quarters and each son have a quarter. But no particular quarter is given to any particular son, and therefore we think the devise is to be construed as a devise of the property to the mother and the sons, *to be* divided into quarters and enjoyed as directed by the will. If this be so, there is nothing in our opinion to prevent a merger, and each son is entitled under the will to an undivided quarter of the real estate given by the fourth clause in fee simple, an estate which is of course attachable. And so, a similar construction being applied, the two sons, Albert and Frederick, have vested remainders after the widow's life estate in the Lockwood Street property. We think this construction so far as it goes is correct.

But even if there be an implied trust under which the estates vest in the complainants, the complainants nevertheless take only such interest as is necessary for the fulfilment of the trust. Their estate will therefore terminate as soon as the youngest of the sons, living so long, reaches the age of forty years, and thereupon the remainder will go free of the trust to the widow and sons. This remainder is vested and therefore attachable. On this point the leading authority is *Boraston's case,* 3 Rep. 19. There a testator devised land to A. and B. for eight years, and after said term to his executors for the performance of his will till such time as H. should accomplish his age of twenty-one years, then to him, his heirs, and assigns forever. H. died under twenty one. The court held that he had a vested remainder, the case being, it was said, nothing else in effect than a devise to the executors till H. attained the age of twenty one, remainder to H. in fee. In *Mansfield* v. *Dugard,* 1 Eq. Cas. Abr. 195, a man devised land to his wife until his son and heir should attain the age of twenty one years, then to his son in fee simple. The son died at the age of thirteen; but the court held, nevertheless, that the remainder had

vested. *Goodtitle* v. *Whitby*, 1 Burr. 228, closely resembles the case at bar. There a man devised land to trustees in trust to use the rents and profits for the maintenance and education of his two nephews during minority, and when and as they respectively reached the age of twenty one years, to the use of them and their heirs; and Lord Mansfield held that the nephews took vested remainders; the rule being that where an absolute property is given, and a particular interest is given in the mean time, as until the devisee shall come of age, &c., then to him, &c., there the attainment of majority is not a condition precedent, but denotes the time when the remainder man is to take in possession. See, also, *Doe dem. Cadogan* v. *Ewart*, 7 A. & E. 636; *Doe dem. Wheedon* v. *Lea*, 3 Term Rep. 41; *King* v. *Isaacson*, 1 Sm. & G. 371; *James* v. *Lord Wynford*, 1 Sm. & G. 40. The same rule of construction has been adopted by American courts. *Collier's Will*, 40 Mo. 287; *Hathaway* v. *Leary*, 2 Jones Eq. 264; *Perry* v. *Rhodes*, 2 Murph. 140; 2 Jarman on Wills, 5th Amer. ed. *417, n. 6.

The complainants contend that the estates given to the three sons are contingent, because it is not certain that the youngest or either of them will live to attain the age of forty years. The same point was taken and overruled in *Boraston's case*, and in the other cases which follow it, and must be regarded as untenable. In *Boraston's case* it was determined that the interest in the trustees continued until such time as the devisee would have taken in possession if he had lived. There, however, the estate was devised in trust during the minority for the payment of debts; and in other cases it has been held, that where the trust is for that or some similar purpose, it shall continue until such time as it would have ceased if the minor had lived. *Carter* v. *Church*, 1 Chanc. Cas. 113; *Coates* v. *Needham*, 2 Vern. 65; *Sweet* v. *Beal*, Lane, 56. This is because the intent of the testator is to govern, and it is reasonable to believe that the testator, when he created the trust for the particular purpose, considered that the whole term would be necessary for its fulfilment. Where there is no such purpose the trust or term will cease on the death of the remainder man, and the remainder instantly take effect. This was so decided in *Mansfield* v. *Dugard*, 1 Eq. Cas. Abr. 195; and in *Lomax* v. *Holmeden*, 3 P. Wms. 176. This is because there is no reason for keeping

the trust or term alive, and it cannot be kept alive until the arrival of the time named for its termination, for that time never will arrive. The case at bar, if a trust be implied, apparently falls within the authority of the cases last named. The death of all the sons, therefore, before either of them attains the age of forty years, will not defeat the remainders, but will only accelerate their taking effect in possession. *Demurrer sustained.*